MEEK, Appellant,

v.

TOM SEXTON & ASSOCIATES, INC., Appellee.

[Cite as *Meek v. Tom Sexton & Assoc., Inc.,* 163 Ohio App.3d 549, 2005-Ohio-5188.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 22515.

Decided Sept. 30, 2005.

Eddie Sipplen, for appellant.

Kelly A. Schoening, Cathy L. Stickels, pro hac vice, and Brian M. Pierce, for appellee.

BATCHELDER, Judge.

{¶ 1} Appellant, Douglas D. Meek, appeals from the judgment of the Summit County Court of Common Pleas that granted summary judgment in favor of appellee Tom Sexton & Associates, Inc. ("Sexton"). We affirm.

I

{¶ 2} The following substantive facts are undisputed: Meek, an Ohio resident, began employment with Sexton in January 2003 as an account manager/sales representative. Sexton is a Kentucky corporation engaged in the sale of equipment and furnishings primarily to school systems in Ohio. Sexton supplied Meek with product catalogs, business cards, manufacturer contacts, and discount schedules to assist in the sale of products. As part of his employment, Meek was required to attend mandatory sales meetings and a yearly school-equipment show; Sexton paid all travel expenses. Meek's responsibilities included contacting area school systems to solicit sales on Sexton's behalf and quote product

prices based upon pricing and cost schedules provided by Sexton. Meek prepared sales orders and was required to follow an account receivable until the client made full payment on the order. Meek also oversaw the installation of the equipment and furnishings at the school. In addition, Meek quoted product prices on behalf of the president of Sexton, Tom Sexton, who was an authorized state-terms-schedule dealer who offered pre-negotiated discounts for school equipment and furnishings.

{¶ 3} Meek was paid a base salary, plus commissions. Sexton issued an Internal Revenue Service W–2 wage and tax statement form for both the salary and commission payouts. Meek was also eligible for employee benefits three months after his hire date, and Sexton paid workers' compensation and unemployment insurance on Meek's behalf. Additionally, Meek was entitled to participate in Sexton's profit-sharing and retirement plans after one year of employment.

{¶ 4} In October 2003, Meek voluntarily resigned from his employment with Sexton. On February 25, 2004, Meek filed a complaint, pro se, asserting an R.C. Chapter 1335 Statute of Frauds violation. Specifically, Meek alleged that Sexton had failed to pay him sales commissions, in violation of R.C. 1335.11. Sexton filed an answer to the complaint, asserting that Meek was precluded from recovery under this statute because he did not fall within the category of persons entitled to recovery for commissions under R.C. 1335.11.

{¶ 5} On December 6, 2004, Sexton filed a motion for summary judgment, reasserting that Meek was not entitled to commissions and damages under R.C. 1335.11, since that section did not apply to provide him relief because he was not a "sales representative" of Sexton, as defined by the statute. Meek filed a response to the motion.

{¶ 6} In an order dated January 14, 2005, the trial court granted Sexton's motion for summary judgment and entered judgment in Sexton's favor, concluding that Meek was not a "sales representative" within the meaning of the statute and therefore was not entitled to recover under the statute. This appeal followed.

{¶ 7} Meek timely appealed, asserting one assignment of error for review.

II

Assignment of Error

The trial court in granting appellee's motion for summary judgment erred as a matter of law when it determined the appellant was not a sales representative as defined by Ohio Revised Code § 1335.11.

{¶ 8} In his sole assignment of error, Meek contends that the trial court erred in granting summary judgment. Specifically, Meek argues that the trial court

erred as a matter of law in determining that he was not a "sales representative" as defined by R.C. 1335.11(A)(3). We disagree.

{¶ 9} An appellate court reviews a grant of summary judgment de novo, applying the same standard used by the trial court. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241; *Klingshirn v. Westview Concrete Corp.* (1996), 113 Ohio App.3d 178, 180, 680 N.E.2d 691. Any doubt is to be resolved in favor of the nonmoving party. *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 12, 13 OBR 8, 467 N.E.2d 1378. As stated in *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267, pursuant to Civ.R. 56(C), summary judgment is proper when the following conditions are met:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. Id.

{¶ 10} Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but must instead point to or submit some evidentiary material that shows that a genuine dispute over the material facts exists. Id. See, also, *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735, 600 N.E.2d 791. In its review of a grant of summary judgment, an appellate court "review[s] the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." *Am. Energy Servs., Inc. v. Lekan* (1992), 75 Ohio App.3d 205, 208, 598 N.E.2d 1315.

{¶ 11} R.C. 1335.11, titled "Payment of commission due sales representative," requires a principal to pay a sales representative all commissions due pursuant to a contract upon the termination of that contract. R.C. 1335.11(C). R.C. 1335.11(A)(3) defines sales representative as

a person who contracts with a principal to solicit orders for a product or orders for the provision of services and who is compensated, in whole or in part, by commission, *but does not include* a person who places orders for or purchases the product for that person's own account for resale or places orders for the

provision of or purchases services for that person's own account, *a person who is an employee of a principal,* or a person who contracts with a principal to solicit within this state orders for a product or orders for the performance of services and who is not compensated, in whole or in part, by commission.[1] (Emphasis added.)

{¶ 12} Employee status is dependent on the particular facts of each case. *Bobik v. Indus. Comm.* (1946), 146 Ohio St. 187, 191, 32 O.O. 167, 64 N.E.2d 829, citing *Gillum v. Indus. Comm.* (1943), 141 Ohio St. 373, 25 O.O. 531, 48 N.E.2d 234. Under Ohio law, "[t]he chief test in determining whether one is an employee or an independent contractor is the right to control the manner or means of performing the work." Id. at paragraph one of the syllabus. "If such right is in the employer, the relationship is that of employer and employee." Id. at paragraph two of the syllabus. Factors to be considered in making this determination include:

who controls the details and quality of the work; [2] who controls the hours worked; [3] who selects the materials, tools and personnel used; [4] who selects the routes traveled; [5] the length of employment; [6] the type of business; the method of payment; and [7] any pertinent agreements or contracts.

*Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881.

{¶ 13} In its memorandum in support of its summary-judgment motion, Sexton maintained that Meek was an employee of the company and that the parties never entered into a contract for employment. In his affidavit attached to the motion, Tom Sexton reiterated these facts, and also attested to detailed information that supported the finding that Meek was an employee. The uncontested facts and evidence demonstrate that Meek was in fact an employee, as the right of control as to the manner and means of performing the work remained with Sexton. Sexton hired Meek to quote product prices on behalf of Sexton and the president, Tom Sexton, who held pre-negotiated state-term schedule contracts. Meek was to carry out this job in Sexton's established sales territory in Ohio. Sexton provided Meek with all sales tools, such as product catalogs, pricing and costs lists, specific manufacturing contacts, and Sexton business cards. Sexton also controlled the sale process by having sales representatives submit generated sales orders to Sexton, which in turn provided the sales representative with a purchase-order copy for review. Sexton also provided the sales representative with a copy of the invoice to follow-up on payments. Finally, Sexton required its sales representatives to attend school-equipment trade shows. See *Bostic,* 37 Ohio St.3d at 146, 524 N.E.2d 881.

---

1. The parties do not dispute that Sexton is a "principal" within the meaning of the statute.

{¶ 14} The burden then shifted to Meek to demonstrate, by pointing to specific facts based upon Civ.R. 56(E) evidence, that a general issue of material fact remained. See *Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264. In his memorandum in opposition to the summary judgment motion, Meek made the unsubstantiated assertion that the parties had "entered an agreement [for Meek] to work as a sales representative." Furthermore, Meek did not contest Sexton's position that he was an employee of Sexton. Meek merely stated, "[a]ssuming arguendo that Plaintiff was an employee, R.C. 1335.11 would be applicable since Plaintiff was paid in whole or in part by commission." Meek advocates the same argument on appeal. Furthermore, Meek skirts the employee issue by suggesting that

> [Sexton's] argument over whether [Meek] is an employee versus independent contractor and whether [Sexton] has withheld the appropriate payroll taxes is mere subterfuge to distract the Court from the real issue—the fact that [Sexton] owes [Meek] for commissions due on sales contracts for which [Meek] was the procuring cause and for which [Sexton] has not timely paid to [Meek] * * *.

Thus, Meek does not argue that a general issue of material fact remains to be litigated in this case; rather, Meek essentially maintains that he is entitled to judgment as a matter of law. Specifically, Meek's primary disagreement is with the reading of the statute.

{¶ 15} "It is a cardinal rule of statutory construction that where the terms of a statute are clear and unambiguous, the statute should be applied without interpretation." *Wingate v. Hordge* (1979), 60 Ohio St.2d 55, 58, 14 O.O.3d 212, 396 N.E.2d 770, citing *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 105, 65 O.O.2d 296, 304 N.E.2d 378. See, also, R.C. 1.42. The clear and unambiguous terms of the statute provide that an employee of a principal, even if the employee is paid in whole or in part by commissions, is not entitled to recovery under R.C. 1335.11.

{¶ 16} Based upon the foregoing, we find that Meek failed to meet his *Dresher* burden, and also failed to demonstrate that he was entitled to judgment as a matter of law. Therefore, we conclude that the trial court did not err in granting summary judgment in favor of Sexton.

{¶ 17} Meek's sole assignment of error is overruled.

### III

{¶ 18} Meek's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

CARR, P.J., and MOORE, J., concur.