[THE STATE EX REL.] DUSSELL, APPELLANT, *v.* LAKEWOOD
POLICE DEPARTMENT, APPELLEE.

[Cite as *State ex rel. Dussell v. Lakewood Police Dept.*, 99 Ohio St.3d 299, 2003-Ohio-3652.]

(No. 2003–0052—Submitted May 13, 2003—Decided July 23, 2003.)

**Per Curiam.**

{¶ 1} In 1989, appellant, Dennis Dussell, was acquitted of sexually assaulting a three-year-old girl. On October 6, 1990, appellee, Lakewood Police Department, began a criminal investigation after receiving a report that a woman had been kidnapped and repeatedly raped. On October 7, Lakewood officers showed the victim a book of mug shots, and she identified Dussell as her assailant. Dussell was subsequently implicated in another rape and an attempted rape.

{¶ 2} On October 25, 1990, a Cuyahoga County grand jury indicted Dussell on 24 counts of rape, felonious assault, kidnapping, abduction, gross sexual imposition, felonious sexual penetration, and having a weapon while under a disability. In 1991, Dussell was convicted of 15 of the charges and sentenced to 63 to 98 years in prison.

{¶ 3} On April 22, 2002, Dussell filed a complaint for a writ of mandamus in the Cuyahoga County Court of Appeals. Dussell sought to compel Lakewood to remove from its records any reference to him as a sex offender prior to his arrest for rape in October 1990. According to Dussell, Lakewood had erroneously classified him as a sex offender by placing him into its data base and mug shot books as a "known sexual offender" based on the charges that Dussell was acquitted of in 1989. Because of his 1991 convictions of various sexual offenses, Dussell claimed that Lakewood's erroneous classification will cause prison officials to wrongfully consider him a repeat sex offender as opposed to a first-time offender. According to Dussell, being considered a repeat sex offender by prison officials will subject him to additional, unwarranted institutional controls and adversely affect his parole eligibility.

{¶ 4} On December 5, 2002, the court of appeals granted Lakewood's motion for summary judgment, denied Dussell's motion for summary judgment, and denied his application for a writ of mandamus.

{¶ 5} This matter is now before the court upon an appeal as of right.

{¶ 6} Dussell contends that the court of appeals erred in granting Lakewood's motion for summary judgment and denying his requested writ of mandamus. Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be

litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *State ex rel. Duganitz v. Ohio Adult Parole Auth.* (1996), 77 Ohio St.3d 190, 191, 672 N.E.2d 654. Dussell contends that statutory and constitutional authority requires that Lakewood correct its records by removing any reference to him as a sex offender prior to October 1990. We find Dussell's claim to be meritless for the following reasons.

{¶ 7} First, Dussell has not proven that Lakewood classified him as a sex offender. In the court of appeals, Lakewood moved for summary judgment on the ground that it had not classified Dussell as a sex offender. Uncontradicted evidence submitted by Lakewood in support of its summary judgment motion refutes Dussell's assertion that Lakewood classified him as a sexual offender prior to charging him with rape in October 1990. The chief of the Lakewood Police Department declares that Lakewood does not have any registration or classification requirements for sex offenders similar to those in R.C. Chapter 2950 and that its records contain no reference to Dussell as a sex offender and no photographs of Dussell related to any 1989 sex offenses.

{¶ 8} In contrast, Dussell's claim rests on an October 1990 affidavit for a warrant to search Dussell's apartment. The affidavit indicated that Dussell was identified as the perpetrator of the October 1990 rape and kidnapping when his victim picked him out of a group of "photographs of sex offenders." Contrary to Dussell's assertions, this reference does not equate to a sex-offender classification within the meaning of former R.C. 2950.01. Furthermore, no credible evidence in the record supports Dussell's allegation that his parole officer registered him in August 1990 as a sex offender. In sum, Dussell has not set forth any specific facts or evidence that contradicts Lakewood's evidence. Thus, the court of appeals did not err in granting Lakewood's motion for summary judgment.

{¶ 9} Second, Dussell is not being deprived of life, liberty, or property as a result of the alleged erroneous classification. Dussell has not shown that prison officials relied upon any erroneous sex-offender classification from Lakewood, or elsewhere, to his detriment. Thus, he cannot invoke the Due Process Clause in order to have Lakewood's files modified. See *State ex rel. Fain v. Summit Cty. Adult Probation Dept.* (1995), 71 Ohio St.3d 658, 659, 646 N.E.2d 1113; *State ex rel. Hattie v. Goldhardt* (1994), 69 Ohio St.3d 123, 125–126, 630 N.E.2d 696.

{¶ 10} Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

O'DONNELL, J., not participating.

_____

Dennis Dussell, pro se.

Kevin M. Spellacy, Lakewood Director of Law, and Jennifer L. Mladek, Assistant Director of Law, for appellee.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

O'DONNELL, J., not participating.