{¶ 1} Defendant-appellant, Bonita Newell ("Newell"), appeals from the decision of the Cuyahoga County Court of Common Pleas that denied her motion for summary judgment and the decision that granted the motion for partial summary judgment of plaintiffs-appellees, Jude T. Smith and Denise P. Smith ("the Smiths"), and that found the Smiths to be the titled owners of Warwick Drive. For the reasons stated below, we affirm. The case is remanded to the trial court for further proceedings on the third-party complaint that remains pending.
 {¶ 2} This matter involves a dispute between neighboring parcel owners over the ownership of a fifty-foot strip of land ("the strip"). The evidence in this case included various deeds reflecting the chain of title history of the Smith property, the Newell property, and the contested strip. Newell also submitted an affidavit of attorney John P. Malone, Jr., who examined the records pertaining to these properties. The evidence reflects that at one time the properties were all included as part of a 41.3893 acre parcel of land owned by Frank Ciulla. In 1977, Ciulla executed a warranty deed conveying the parcel to King Ranch, an Ohio partnership. King Ranch was the most recent common owner of the properties.
 {¶ 3} In 1978, King Ranch executed a warranty deed ("the Belluardo deed") conveying three parcels to Anthony Belluardo, Bonnie Jean Belluardo, Biaggio Belluardo, and Patricia Belluardo. The strip was included in the legal description of the property conveyed to the Belluardos. Nonetheless, the deed contained a reservation that stated as follows:
 "Together with the right to use Warwick Drive Proposed, 50 feet wide, and Middlebury Drive, Proposed, 50 feet wide, in the Don mar Land Company's proposed Geauga Lake Subdivision, for ingress and egress to and from Liberty Road. As part of the consideration for this conveyance the grantees agree that they have no interest in any proposed streets in The Don mar Land Company's proposed Geauga Lake Subdivision except as hereinbefore set forth. Reserving all of the interest and rights in said proposed streets to the Grantor."
 {¶ 4} It is apparent from this reservation that King Ranch reserved its interests and rights to the "proposed" Warwick Drive, which was to be part of a proposed subdivision. Nothing was said with respect to a reservation of a fee simple interest in the land on which the proposed street was to be located.
 {¶ 5} In 1985, the Belluardos executed a warranty deed ("the Sirna deed") conveying the same three parcels described in the Belluardo deed to Craig Raymond Sirna and Ann Marie Sirna. The Sirna deed contained the same reservation found in the Belluardo deed as to the proposed Warwick Drive.
 {¶ 6} In 1996, the Sirnas executed a warranty deed ("the Smith deed") conveying 5.1927 acres of their land, which was parcel 1 of the Sirna deed, to the Smiths. It appears that the legal description to the Smith deed includes the contested strip. The Smith deed did not contain the reservation found in the Belluardo deed and Sirna deed with respect to the proposed Warwick Drive.
 {¶ 7} Warwick Drive was never dedicated or constructed. On November 20, 2001, the city of Solon filed a vacation plat purportedly vacating Warwick Road.[1]
 {¶ 8} Newell's property, which at one point was part of the King Ranch parcel noted above, went through several conveyances as well. No evidence was shown that the strip was ever conveyed by King Ranch through the chain of title that led to Newell's property. Newell acquired her property from James A. Congin and Sherrie Congin in December 2002 via a general warranty deed ("the Congin deed"). Apparently, the original Congin deed did not include the strip within the legal description. However, the deed was re-recorded on November 5, 2003, with an attachment purporting to transfer the southern twenty-five feet of the strip based on the vacation plat of Warwick Road. The deed, which was "refiled to correct legal description," did not contain any new signatures of the Congins. Thereafter, on March 21, 2005, King Ranch executed a quitclaim deed purporting to convey the strip that was shown as vacated on the vacation plat of Warwick Road. Attorney Malone opined in his affidavit that until this conveyance, "King Ranch had never conveyed title to Warwick Drive that it reserved by virtue of the reservation" and that "Newell is the current title owner of Warwick Drive."
 {¶ 9} The Smiths filed their complaint on April 20, 2004, claiming to be the owners of the strip, which the Smiths represented as being the southerly fifty feet of their land, and asserting that Newell was trespassing upon their land.
 {¶ 10} Newell filed an answer claiming that she was the owner of the strip. Newell also filed a third-party complaint against James A. Congin and Sherrie C. Congin, who transferred Newell's property to her through a general warranty deed. Thereafter, the Congins filed their answer.
 {¶ 11} On September 7, 2005, the Smiths filed a motion for partial summary judgment against Newell with respect to the ownership of the strip. On the same date, Newell filed a motion for summary judgment on the claims of the Smiths. The record also reflects that the Congins filed a motion for summary judgment on the third-party complaint on December 13, 2005.
 {¶ 12} On December 28, 2005, the trial court issued orders granting the Smiths' motion for partial summary judgment and denying Newell's motion for summary judgment. The trial court found the Smiths were the "owners of the fifty — foot strip of land that was originally proposed for use as Warwick Drive as this fifty — foot strip of land was clearly contained in the legal description of the 5.1927 acres of land granted to [the Smiths] by the Sirnas * * *." The trial court also found that "the quitclaim deed from King Ranch to Newell that was recorded on May 23, 2005 is void. King Ranch did not retain a fee interest in Warwick Drive in the Belluardo deed as argued by [Newell]. The greatest interest King Ranch retained was a right to construct Warwick Drive when the proposed subdivision was built." The trial court further indicated that the vacation of Warwick Drive was without legal effect because the city of Solon never received any interest in the proposed Warwick Drive, as the subdivision was never platted and there was no dedication of the street for public use.
 {¶ 13} Newell filed an appeal to this court that was dismissed for a lack of a final appealable order. Thereafter, the parties submitted an agreed final judgment entry and order with respect to ownership of the disputed strip that was signed by the trial court judge. This entry resolved the trespass and injunction claims, incorporated findings from the trial court's December 28, 2005 journal entries, including that the Smiths were the titled owners to the strip, and specified that the agreed final judgment entry was a final appealable order and that there was no just cause for delay. We note that the claims in Newell's third-party complaint and the Congins' motion for summary judgment still remain to be decided.
 {¶ 14} Newell's appeal was reinstated by this court on September 14, 2006. Newell has raised three assignments of error for our review.[2]
Newell's assignments of error provide as follows:
 {¶ 15} "I. The trial court erred in holding that the Smiths are the titled owners of Warwick Drive."
 {¶ 16} "II. The trial court erred in holding that King Ranch did not retain a fee interest in Warwick Drive by virtue of the reservation."
 {¶ 17} "III. The trial court erred by denying Newell's motion for summary judgment."
 {¶ 18} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga County Comm. College, 150 Ohio App.3d 169, 2002-Ohio — 6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood PoliceDepartment, 99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State exrel. Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191,1996-Ohio-326.
 {¶ 19} Initially, Newell argues that the Smiths presented none of the permissible forms of evidence under Civ.R. 56 in support of their motion and thereby failed to meet their burden on summary judgment. The Smiths provided copies of several deeds and a property tax statement in support of their motion. These copies were not accompanied by an affidavit. However, Newell attached the same deeds, together with an affidavit verifying the deeds, to her motion for summary judgment.
 {¶ 20} In Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, the Ohio Supreme Court set forth the following:
 "[T]here is no requirement in Civ.R. 56 that the moving party support its motion for summary judgment with any affirmative evidence, i.e., affidavits or similar materials produced by the movant. However, * * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. That is, the moving party bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. The evidentiary materials listed in Civ.R. 56(C) include `the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any.' These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. While the movant is not necessarily obligated to place any of these evidentiary materials in the record, the evidence must be in the record or the motion cannot succeed." (Internal citations omitted.)
 {¶ 21} In this case, the deeds relied upon by the Smiths, and which were pertinent to determining title to the strip, were included with attorney Malone's affidavit verifying the same. The affidavit and accompanying deeds were relied upon by Newell in her own motion for summary judgment and in her opposition to the Smiths' motion. Newell can hardly complain on appeal that the trial court erroneously considered evidence when appellant herself submitted the evidence through her own pleading. The trial court properly considered these evidentiary materials in ruling on the summary judgment motions.
 {¶ 22} Newell next argues that the trial court erred in declaring the Smiths the owners of the strip because King Ranch reserved a fee simple interest in Warwick Drive and the Sirnas never possessed an interest in Warwick Drive. Newell also makes a corresponding argument that the trial court erred in holding that King Ranch did not retain a fee interest in Warwick Drive by virtue of the reservation. Newell further claims that the trial court erred by denying her motion for summary judgment. We find no merit to these arguments.
 {¶ 23} There is a fundamental rule that a deed is to be construed most strongly against the grantor and in favor of the grantee. Russell v.Russell (1940), 137 Ohio St. 153, 157. Although a deed should be construed, if possible, to give effect to the intention of the parties, where the language contained in a deed restriction is unclear and capable of contradictory interpretation, the deed restriction must be construed against the restriction and in favor of the free use of land. See Frontier Cmty. Servs. v. Knoll Group (Dec. 19, 2001), Jackson App. No. 00CA22. Likewise, doubts as to the grantor's intention should be resolved in favor of a fee simple. See Ferris v. Schuholz (May 20, 1957), 107 Ohio App. 63, 64.[3]
 {¶ 24} In this case, the reservation made by King Ranch in the Belluardo deed was that it was reserving all of the interest and rights in the proposed Warwick Drive. This language evinces only an intent on the part of King Ranch to reserve a road over the land granted, and does not except or reserve the land itself. King Ranch's interest was in the proposed street, which presumably was to be constructed as part of the proposed Geauga Lake Subdivision and dedicated to the city of Solon for public use. There is no evidence that King Ranch intended to reserve any ownership interest in the land on which the street was to be located. Had King Ranch intended to except and reserve a fee simple interest in the actual land, its intent should have been manifested in the deed. Instead, the land on which the proposed Warwick Drive was to be located was included in the legal description of the property conveyed. This shows an intent by the grantor to convey the strip of land.
 {¶ 25} Construing the deed most strongly against the grantor, we find as a matter of law that King Ranch reserved only a right to construct the proposed street and dedicate it for public use, and that King Ranch conveyed a fee simple interest in the actual strip of land to the Belluardos. The Belluardos became the titled owners to their property, including the strip in dispute. The strip was conveyed to the Sirnas, who in turn conveyed the strip to the Smiths. Accordingly, we find as a matter of law that the Smiths are the owners in fee simple of the strip.
 {¶ 26} We also find that because the proposed subdivision was never platted and the proposed Warwick Drive was never constructed, King Ranch abandoned its interest and the land is no longer encumbered. Further, we agree with the trial court's finding that because there was never a dedication of the proposed Warwick Drive to the city of Solon, the vacation plat is void.
 {¶ 27} Insofar as the re-recorded Newell deed included an attachment purporting to transfer the southern twenty-five feet of the strip, we are cognizant that the original Newell deed did not include the strip in the legal description and the Congins never signed the re-recorded Newell deed. There was no evidence establishing the strip had been conveyed through Newell's chain of title from King Ranch. Rather, the record reflects King Ranch conveyed the strip through the Smiths' chain of title and the Smiths now hold title in fee simple to the strip.
Further, while Newell submitted a quitclaim deed executed by King Ranch on March 21, 2005, after this action was filed, that purported to convey the strip to Newell, King Ranch no longer held any rights or interest in the strip. As Newell aptly points out, one cannot convey that which one does not own. Because King Ranch did not retain a fee interest in the property that it purported to convey in the quitclaim deed, the trial court correctly found that the deed is void.[4]
 {¶ 28} We conclude the trial court properly granted the Smiths' motion for partial summary judgment and denied Newell's motion for summary judgment on the claims of the Smiths. Newell's assignments of error are overruled.
Judgment affirmed. Case is remanded to the trial court for further proceedings on the third-party complaint that remains pending.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P. J., and MICHAEL J. CORRIGAN, J.,* CONCUR
* Sitting by Assignment: Judge Michael J. Corrigan, Retired, of the Eighth District Court of Appeals.
[1] We note that although the deed reservation referred to the proposed street as "Warwick Drive," the vacation plat referenced the strip as "Warwick Road."
[2] Newell's assignments of error are inconsistently phrased as they appear in the table of contents, assignments of error, and argument section of her brief, as well as in her reply. Although inconsistently stated, they essentially raise the same errors. We shall list them as they appear in the argument of her appellate brief.
[3] We note that R.C. 5302.04 provides the following: "In a conveyance of real estate or any interest therein, all rights, easements, privileges, and appurtenances belonging to the granted estate shall be included in the conveyance, unless the contrary is stated in the deed, and it is unnecessary to enumerate or mention them either generally or specifically."
[4] The issues raised with respect to the Smiths' fallback arguments are moot.