JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Deborah Johnson, appeals from the judgment in the Cuyahoga County Court of Common Pleas that entered summary judgment against her and in favor of appellee, Metrohealth Medical Center ("Metrohealth"). For the reasons stated herein, the judgment of the trial court is reversed and the case is remanded for further proceedings.
 {¶ 2} Johnson filed a complaint on August 23, 2004, asserting a negligence claim and a loss of consortium claim against Metrohealth. The record reflects the following. On December 6, 2003, Johnson was visiting her daughter, who was in the process of giving birth, in birthing room no. 3 in Metrohealth's Labor and Delivery Unit. Around 11:20 a.m., Johnson walked out of the room to get some ice chips for her daughter. Upon returning to the room, approximately two minutes later, Johnson slipped and fell on water that had accumulated on the floor. Johnson claims she was injured as a result.
 {¶ 3} Johnson stated that when she left the room, there was no water on the floor where she later fell. The floor was a square-tile, white floor, and the puddle of water on the floor was clear and about four feet wide. Johnson stated the water was seeping in under the baseboards from the adjacent room, birthing room no. 4.
 {¶ 4} Metrohealth was aware that the shower in birthing room no. 4 was leaking and backing up as early as 9:30 a.m., as a work order had been placed at that time. Birthing room no. 4 was closed off as a result. Metrohealth maintained that it was not aware of any water in birthing room no. 3 until Johnson fell.
 {¶ 5} Metrohealth filed a "motion for leave to file motion for summary judgment instanter based on open and obvious doctrine and failure to prove notice of danger." The trial court granted Metrohealth leave to file its motion. Thereafter, Johnson filed an opposition brief and Metrohealth responded with a reply brief. On March 3, 2006, the trial court issued a final judgment entry granting Metrohealth's motion.
 {¶ 6} Notwithstanding the summary judgment ruling, on March 6, 2006, Johnson filed a notice of dismissal with prejudice. The trial court entered another final journal entry on March 9, 2006, indicating the case was dismissed without prejudice. In response, Metrohealth filed a motion for relief from order and correction of docket to reflect that Metrohealth had been awarded summary judgment.
 {¶ 7} On April 3, 2006, Johnson filed a notice of appeal from the entry of summary judgment. The trial court issued an order on April 12, 2006, correcting "due to clerical error" the March 9, 2006 journal entry to read that summary judgment was granted and the notice of dismissal was stricken as improper and untimely.
 {¶ 8} On October 30, 2006, this court issued an order remanding the appeal to the trial court to clarify whether it was the trial court's intention to dismiss all claims or to grant the motion for summary judgment. The trial court responded with a journal entry indicating that the trial court's intention was that "summary judgment be granted in favor of [Metrohealth], dismissing all claims, as set forth in the order dated 3/03/2006."
 {¶ 9} Johnson raised two assignments of error for our review in this matter. However, at oral argument Johnson withdrew her first assignment of error.[1] Accordingly, we find her first assignment of error is moot and proceed to address her second assignment of error.
 {¶ 10} Johnson's second assignment of error provides as follows:
 "II. The trial court erroneously entered summary judgment against plaintiff-appellant Deborah Johnson and in favor of defendant-appellee Metrohealth Medical Center (Judgment Entry received for filing on March 3, 2006, and found at Book 3502, Page 0969) despite the existence of genuine issues of material fact pertaining to plaintiff-appellant's claims."
 {¶ 11} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga County Comm. College, 150 Ohio App.3d 169,2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood PoliceDepartment, 99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State exrel. Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191,1996-Ohio-326.
 {¶ 12} In order to establish actionable negligence, a plaintiff must establish the existence of a duty, a breach of the duty, and an injury proximately resulting therefrom. Texler v. D.O. Summers Cleaners ShirtLaundry Co., 81 Ohio St.3d 677, 680, 1998-Ohio-602.
 {¶ 13} This court has previously recognized that a visitor of a patient in a hospital is an invitee. Shreves v. Meridia HealthSys., Cuyahoga App. No. 87611, 2006-Ohio-5724; Bowins v. Euclid GeneralHosp. Assoc. (1984), 20 Ohio App.3d 29, 30. As we stated inShreves, supra, "an owner or occupier of a premises owes its `business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger.' Paschal v. Rite Aid Pharmacy,Inc. (1985), 18 Ohio St.3d 203, 203, 18 Ohio B. 267, 480 N.E.2d 474. An owner or occupier of a premises is not, however, the insurer of a business invitee's safety, id., and the plaintiff must prove that the business owner or occupier had either actual or constructive notice of the alleged hazard which caused the injury. Peerboom v. Hartman (Nov. 18, 1998), Williams App. No. WMS-88-2, 1988 Ohio App. LEXIS 4491."
 {¶ 14} In Combs v. First National Supermarkets, Inc. (1995),105 Ohio App.3d 27, this court stated the following:
 {¶ 15} "The law in the state of Ohio is clear that in order for a plaintiff to recover damages from a slip and fall accident as a business invitee, the following must be established:
 {¶ 16} "1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 {¶ 17} "2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 {¶ 18} "3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." Id. at 29, citing Johnson v. Wagner Provision Co. (1943),141 Ohio St. 584, 589.
 {¶ 19} If no evidence exists establishing that a defendant is responsible for, or had actual knowledge of, an existent hazard, "evidence as to the length of time the hazard had existed is necessary to support an inference that defendant had constructive notice."Presley v. Norwood (1973), 36 Ohio St.2d 29, 32. Further, a defendant has no duty to protect a business invitee from such dangers "[that] are known to such invitee or are so obvious and apparent to such invitee that she may reasonably be expected to discover them and protect herself against them." Paschal, 18 Ohio St.3d at 203-204, quoting Sidle v.Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus.
 {¶ 20} In this case, Metrohealth argues that the puddle of water was an open and obvious condition against which it had no duty to protect Johnson. Open and obvious hazards are those hazards that are neither hidden nor concealed from view and are discoverable by ordinary inspection. Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49, 50-51. "The dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be an `open and obvious' condition under the law. Rather, the determinative issue is whether the condition is observable." Lydic v. Lowe's Cos., Inc., Franklin App. No. 01AP-1432, 2002-Ohio-5001, at ¶ 10. Put another way, the crucial inquiry is whether an invitee exercising ordinary care under the circumstances would have seen and been able to guard himself against the condition. Kidder v. TheKroger Co., Montgomery App. No. 20405, 2004-Ohio-4261, at ¶ 11, citingYoungerman v. Meijer, Inc. (Sept. 20, 1996), Montgomery App. No. 15732. Where reasonable minds could differ as to whether a hazardous condition is open and obvious, a genuine issue of fact exists for a jury to review. See Klauss v. Marc Glassman, Inc., Cuyahoga App. No. 84799,2005-Ohio-1306.
 {¶ 21} Here, Metrohealth claims the four-foot-wide puddle of water was an observable condition to a reasonable person watching where he or she is walking. On the other hand, Johnson maintains that evidence was presented showing that the water was shallow and clear and that a reasonable jury could conclude the condition was not open and obvious. Upon our review of the record, we believe that reasonable minds could differ about the open and obvious nature of the water on the floor and we find that summary judgment is improper on this ground.
 {¶ 22} Next, Metrohealth argues that Johnson failed to establish that Metrohealth had notice of the water on the floor prior to her alleged fall. Metrohealth maintains that the work order that was placed pertained to a leaking shower in birthing room no. 4 and that Metrohealth was unaware of any water on the floor in birthing room no. 3 until Johnson slipped.
 {¶ 23} Johnson claims that the evidence in this case establishes that Metrohealth either knew that water was seeping out of birthing room no. 4 into birthing room no. 3 or that the see page was within the reasonable contemplation of Metrohealth at the time of the incident. Johnson also claims that the water in this case was directly caused by the facilities wholly maintained and controlled by Metrohealth.
 {¶ 24} Our review of the record shows that there was evidence establishing that Metrohealth was aware of the water leak in birthing room no. 4 a couple of hours before Johnson's fall. We find that a reasonable juror could find it was foreseeable that the water could spread to adjacent areas, including into birthing room no. 3, and that Metrohealth failed to warn against the hazard or remove it promptly. We further find that genuine issues remain as to whether Metrohealth, through its employees, was responsible for the puddle of water or had actual or constructive knowledge of the hazard and whether the hazard presented a foreseeable risk of harm to Johnson. Accordingly, we conclude that the trial court erred in granting summary judgment in favor of Metrohealth.
 {¶ 25} Appellant's second assignment of error is sustained.
Judgment reversed and case remanded.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A. J., and JAMES J. SWEENEY, J., CONCUR
[1] Under her first assignment of error, Johnson claimed she voluntarily dismissed her case on March 6, 2006, prior to the clerk's actually entering the court's award of summary judgment upon its journal. A review of the record reflects that the court's summary judgment ruling was received for filing, docketed and journalized on March 3, 2006.