JOURNAL ENTRY AND OPINION
{¶ 1} Appellants, the Cleveland Electric Illuminating Company, FirstEnergy Corp., and FirstEnergy Service Company (collectively "the CEI parties"), appeal the final judgment of the Cuyahoga County Court of Common Pleas on their third cross-claim against Appellee, Tremco Incorporated ("Tremco"), for indemnification, along with other related orders pertaining thereto. For the reasons stated herein, we reverse the final judgment of the trial court on the third cross-claim and grant summary judgment in favor of the CEI parties on the cross-claim in its entirety. We find that the CEI parties are entitled to indemnification for all attorney's fees and litigation costs incurred in this action. The case is remanded to the trial court to determine the amount of the indemnification award and to carry this judgment into execution.
I. ISSUE ON APPEAL
 {¶ 2} Although multiple parties and claims were involved in the trial court action, this appeal solely pertains to the third cross-claim asserted by the CEI parties against Tremco. Essentially, the CEI parties claim that they are entitled to contractual indemnification from Tremco for all of their attorney's fees and litigation costs in this action. The cross-claim arises from an agreement between the parties in which Tremco agreed to indemnify CEI and hold them harmless for such fees and costs that were incurred as a result of roofing work that was under Tremco's control. The indemnification clause specifically excluded any losses attributable to the *Page 3 
negligence of CEI.
 {¶ 3} Although the trial court found that the CEI parties were not negligent because Tremco controlled the work that contributed to the plaintiff's injuries, the court nonetheless found that the CEI parties were not entitled to indemnification for the expenses incurred in defending the negligence claim since "a colorable independent claim of negligence" had been asserted against them. However, the court found that the CEI parties were entitled to recover the expenses incurred, if any, following the court's ruling that the CEI parties were not negligent. The trial court dismissed that portion of the third-party claim, upon which the expenses were denied. This appeal followed.
II. PROCEDURAL BACKGROUND
 {¶ 4} Thomas Kovach and his wife, Rebecca Kovach, brought a personal injury action against Warren Roofing Illuminating Company ("Warren Roofing"), Tremco, the CEI parties, Weatherproofing Technologies, and Mid State Restoration, Inc. Subsequently, Mid State Restoration, Inc., was voluntarily dismissed from the action.
 {¶ 5} The plaintiffs alleged that Thomas Kovach, an employee of Warren Roofing, fell from a roof and was injured while working on a roof replacement project at a CEI building in Cleveland, Ohio. The Kovachs claimed the defendants were responsible for Thomas Kovach's injuries. The complaint included a direct negligence claim against the CEI parties. Various cross-claims were filed. *Page 4 
 {¶ 6} As relevant to this matter, Warren Roofing was a roofing subcontractor on the project. Tremco supplied materials for the roofing project and had a direct contract with CEI that included a hold harmless and indemnification provision.
 {¶ 7} The CEI parties filed motions for summary judgment with respect to the plaintiffs' claims. They also filed a motion for summary judgment on their third cross-claim, which was a contractual indemnity claim asserted against Tremco. On January 3, 2006, the trial court granted the motions made against the plaintiffs. The court further granted in part and denied in part the motion for summary judgment on the third cross-claim, finding that Tremco was not responsible for indemnifying the CEI parties for their attorney's fees and litigation costs incurred in defending the negligence claim to date, but would be responsible to indemnify them from that point forward since the court had "now ruled that [the CEI parties] are not negligent as a matter of law." The CEI parties filed a motion for reconsideration with respect to the ruling on the third cross-claim, and the motion was denied by the trial court.
 {¶ 8} Thereafter, the trial court entered a final judgment in the action on June 26, 2006 in which it amended its January 3, 2006 ruling on the third cross-claim. In relevant part, the trial court ruled as follows:
 "5. Motion for Summary Judgment of [the CEI parties] on Third Cross Claim against Tremco is granted in part and denied in part. As a matter of law, [the CEI parties] are not negligent because Tremco controlled the work that was done that contributed to Plaintiff's injuries. Hirschbach v. Cincinnati Gas Electric Co.
(1983), 6 Ohio St.3d 206; Bond v. Howard Corp. (1995), 72 Ohio St.3d 332; Sopkovich v. Ohio Edison Co. (1998), 81 Ohio St.3d 628. Yet, Tremco is not responsible *Page 5 
to indemnify [the CEI parties] for their attorney fees and litigation costs incurred defending the negligence claim. Plaintiff asserted a colorable independent negligence claim against [the CEI parties]. Kemmeter v. McDaniel Backhoe Svc.
(2000), 89 Ohio St.3d 409. However, as the Court has now ruled that [the CEI parties] are not negligent as a matter of law, Tremco will be responsible to indemnify [the CEI parties] for fees and costs, if any, incurred from this point forward. Therefore, the Court, upon its own motion and based upon and in conjunction with the findings above, dismisses that part of the Third Cross Claim upon which summary judgment is herein denied."
In this final entry, the trial court also indicated that the first and second cross-claims were rendered moot and that the remaining parties had settled and dismissed all other claims.
 {¶ 9} The CEI parties timely filed this appeal.
III. ASSIGNMENTS OF ERROR
 {¶ 10} The CEI parties raised three assignments of error challenging the trial court's interlocutory orders and final ruling on their third cross-claim for indemnification against Tremco. As an initial matter, our review reflects that the interlocutory orders of the trial court were amended by virtue of the trial court's final judgment entry filed June 26, 2006. Because the initial summary judgment ruling was not a final judgment on the merits, the trial court could reconsider its ruling. Indeed, it is generally accepted that a court can reconsider its interlocutory orders. See Pitts v. Ohio Dep't of Transp. (1981),67 Ohio St.2d 378, 379-380 (while such a reconsideration motion is a nullity after final judgment has been entered, the trial court retains jurisdiction to reconsider an interlocutory order any time before the *Page 6 
entry of final judgment in the case, either sua sponte or upon motion); see, also, Civ.R. 54(B) (stating that an interlocutory is subject to revision at any time where there are claims pending and the decision to be revised does not have "no just reason for delay" language).
 {¶ 11} Accordingly, it is the final ruling of the court that may be appealed in this matter. Appellants' first assignment of error challenges the trial court's initial summary judgment ruling on the third cross-claim entered on January 3, 2006. The second assignment of error challenges the trial court's denial of the motion for reconsideration. These assignments of error are overruled insofar as they challenge interlocutory orders of the court that were rendered null or otherwise modified by th trial court's final judgment entry. We shall proceed to address the arguments as they pertain to the third assignment of error, which challenges the final judgment of the court and provides as follows: "The third-cross claim of the appellants was improperly dismissed on June 26, 2006."
IV. LAW AND ANALYSIS
 {¶ 12} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga County Comm. College, 150 Ohio App.3d 169,2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most *Page 7 
strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood PoliceDepartment, 99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State exrel. Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191,1996-Ohio-326.
 {¶ 13} The central dispute argued by the parties in this matter is whether Tremco should be contractually obligated to indemnify the CEI parties for all of their attorney's fees and costs in this action, even though a direct and independent negligence claim was asserted against the CEI parties, as opposed to a vicarious liability claim. Tremco argues that to hold them responsible for the fees and costs incurred in defending the direct negligence claim asserted against the CEI parties would violate R.C. 2305.31, which prohibits indemnity agreements under which the promisor agrees to indemnify the promisee for the promisee's own negligence.
 {¶ 14} The CEI parties argue that the agreement at hand does not violate R.C. 2305.31 because it specifically excludes indemnification for losses caused by the negligence of the indemnified parties. They further claim that because the claims asserted against the CEI parties arose from activities that were found to be under Tremco's "contractual control," Tremco is contractually obligated to indemnify the CEI parties for all of their fees and costs incurred in this matter. We agree with the CEI parties.
 {¶ 15} We do not find that the agreement between the parties violates R.C. 2305.31. In making this determination, "the relevant inquiry * * * is whether a *Page 8 
promisor would be indemnifying a promisee for the promisee's own negligence under the contract." Kemmeter v. McDaniel BackhoeService, 89 Ohio St.3d 409, 413, 2000-Ohio-209. The agreement at hand specifically excluded indemnification for any losses attributable to the negligence of CEI, stating that the indemnity provisions "shall not apply to any losses to the extent initiated or proximately caused by or resulting from the sole or concurrent negligence or willful misconduct of any of the indemnified parties." Nevertheless, our inquiry does not end here. The question becomes whether an indemnification clause may be enforced with respect to "alleged" negligence.
 {¶ 16} In Kemmeter, supra, the Ohio Supreme Court stated as follows: "The necessary corollary to a prohibition of indemnifying a promissee's negligence is a prohibition of the indemnification of costs associated with a promisee's alleged negligence. If a plaintiff alleges negligence against a promissee, a promisor may not agree to undertake the defense costs the promisee incurs in defending itself against claims regarding its own negligence." Id. Tremco would have us read this statement in isolation and find that Tremco cannot be responsible for attorney's fees and costs associated with an alleged claim of negligence against the CEI parties. A further reading of Kemmeter reflects that this holding was qualified. The Ohio Supreme Court restricted its holding, stating as follows:
 "R.C. 2305.31 does not prohibit indemnification protection from the negligence of the promisor, and if Fibbe's attorney fees arose from *Page 9 
claims involving Ruehl's negligence, then the indemnification agreement is both enforceable and applicable.
 "However, in this case, Fibbe could be accused of its own negligent behavior and successfully defend itself at trial, but still be responsible for its own attorney fees. A successful verdict does not mean that colorable claims were not made against Fibbe itself. Fibbe can recover attorney fees paid to defend against alleged negligence only if that alleged negligence arose solely from activities under Ruehl's contractual control. Both the statute and the contract language at issue, wherein Ruehl assumes liability for no one's negligence but its own, require that result.
 "Here, the trial court should have first determined whether the causes of action the plaintiff alleged against Fibbe arose from activities under Ruehl's contractual control. If so, Ruehl could have assumed Fibbe's defense, and the prospect of having to pay the fees of two sets of attorneys would not have arisen. If plaintiffs claims arose from activities under Fibbe's contractual control, then Fibbe would have to assume its own defense costs, no matter the outcome at trial."
Id. at 413 (Emphasis added).
 {¶ 17} The above ruling makes clear that indemnification agreements are generally enforceable to the extent that the negligence arises solely from activities under the promisor's contractual control and the liability is not attributable to the promisee's own negligence. A mere assertion of a negligence claim is not sufficient to defeat a contractual indemnification provision. Indeed, this court has previously found that the mere assertion of a direct negligence claim against a promisee is not sufficient to preclude an otherwise enforceable obligation to indemnify or defend. See Stickovich v. Cleveland,143 Ohio App.3d 13, 34-37, 2001-Ohio-4117 (applying Kemmeter, supra). The key inquiry is whether the alleged negligence claim arises *Page 10 
from activities found to be under the promisor's contractual control.Kemmeter, 89 Ohio St.3d 413. To hold otherwise would allow a promisee to avoid an otherwise enforceable indemnification provision for negligence arising solely from activities under their own contractual control simply by the assertion of a separate negligence claim against the promisor. Such a result would be contrary to the purpose of the parties' indemnification agreement and would be unjust.
 {¶ 18} In this case, separate negligence claims were asserted against the CEI parties. Although direct allegations of negligence were made, the trial court found that the negligence claims arose from activities under Tremco's contractual control. Specifically, the trial court stated, "As a matter of law, [the CEI parties] are not negligent because Tremco controlled the work that was done that contributed to Plaintiff's injuries." Tremco has not challenged the trial court's ruling in this regard. Pursuant to the above case law and the parties' contractual agreement, Tremco is obligated to indemnify the CEI parties for their attorney's fees and costs with respect to the entire action. The alleged negligence claims against the CEI parties arose from activities under the contractual control of Tremco, and Tremco has a contractual obligation to indemnify the CEI parties for their attorney's fees and costs associated with this action. Appellants' third assignment of error is sustained.
V. CONCLUSION
 {¶ 19} We reverse the final judgment of the trial court on appellants' third *Page 11 
cross-claim, enter summary judgment in favor of appellants on said claim in its entirety, and remand the cause to the trial court to determine the amount of the indemnification award and to carry this judgment into execution.
Judgment reversed; case remanded.
It is ordered that appellants recover from appellees costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and ANN DYKE, J., CONCUR *Page 1