{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Defendant-appellant, Samuel E. Henes, appeals the decision of the Cuyahoga County Court of Common Pleas that granted summary judgment in favor of plaintiff-appellee, Moreland Courts Condominium Association, Inc. ("Moreland Courts"). For the reasons stated herein, we affirm.
 {¶ 3} On June 19, 2006, Moreland Courts filed a complaint for foreclosure seeking to foreclose on its recorded lien on a condominium owned by Henes. The *Page 3 
complaint alleged that Henes had failed to pay monthly maintenance fees and assessments, and that a total sum of $21,486 was due as of June 16, 2006. A copy of the lien was attached to the complaint, which set forth that the amount of the lien was "$17,065.73 plus interest at 10% per annum from the 31st day of October 2005 and any unpaid assessments accruing hereinafter until this lien is satisfied." The certificate of lien was dated November 8, 2005.
 {¶ 4} The complaint also named as defendants National City Bank and Jane Doe, the unknown spouse of Samuel E. Henes. As Samuel Henes was unmarried, Moreland Courts filed a notice of dismissal of the Jane Doe defendant. National City Bank filed a cross-claim asserting that it holds a "first and best mortgage lien" on the property.
 {¶ 5} Moreland Courts filed a motion for summary judgment, arguing that it was entitled to foreclose on the liens filed against Henes for nonpayment of monthly maintenance fees and assessments. Moreland Courts attached to its motion an affidavit of its managing agent, Michael G. Pierce, which stated that there was an account balance due in the amount of $24,842.91 as of September 1, 2006, with interest thereon at the rate of 10% per annum. The account history attached to the affidavit reflected an outstanding balance in the same amount and included payments owing from May 1, 2005 through September 1, 2006. However, a review of the account reflects a discrepancy as to the amount noted in the lien. The total showing due as of October 2005 was $7,682.93, not the $17,065.73 reflected in the *Page 4 
lien.
 {¶ 6} Henes filed a brief in opposition, challenging the affidavit submitted by Moreland Courts. Henes did not provide any supporting evidence to contradict the amount shown to be due and owing.
 {¶ 7} The court magistrate issued an order granting Moreland Courts' motion for summary judgment. In the magistrate's decision, filed January 10, 2007, the magistrate found that Moreland Courts had a valid lien on the property for delinquent maintenance fees and assessments in the amount of $17,065.73 plus interest at the rate of 10% per annum from October 31, 2005. The magistrate also found that Moreland Courts was entitled to attorney's fees, but indicated that the amount of the fees was to be held for a further order. The magistrate recognized that additional sums for maintenance fees and assessments "may accrue during the pendency of this case and that, as a result, [Moreland Courts] may claim an additional interest in the subject premises."
 {¶ 8} The magistrate further found in favor of National City Bank on its cross-claim and recognized an amount owing in the sum of $55,685.94 as of July 10, 2006 plus interest. The magistrate issued an order providing that unless the sums found due were fully paid within three days, the property would be foreclosed.
 {¶ 9} Henes filed objections to the magistrate's decision, arguing that the $17,065.73 amount on the certificate of lien was not supported by the evidence before the magistrate. The lien was in said amount plus interest at a rate of *Page 5 
10 percent from the 31st day of October 2005, and the lien was dated November 8, 2005. In the statement of account attached to the motion for summary judgment, the amounts shown to be due from May 1, 2005 through October 1, 2005 totaled only $7,682.93. Further, Henes claimed that no evidence was presented supporting the claim of interest.
 {¶ 10} The trial court overruled the objections, indicating that Henes had failed to bring forward evidence to contradict the plaintiff's evidence, and found that Moreland Courts was entitled to summary judgment in its favor. Henes then filed this appeal.
 {¶ 11} We remanded the matter to the trial court for clarification of its ruling pursuant to App.R. 9(E), indicating that the trial court must expressly grant the summary judgment stating the relief to be afforded and/or adopt the magistrate's report. In compliance therewith, the trial court issued the following order:
 "The court adopts the magistrate's decision filed January 10, 2007, attached hereto and incorporated herein. Judgment for the plaintiff, Moreland Courts Condominium Association, Inc., against defendant, Samuel E. Henes, in the sum of $17,065.73 with interest thereon at the rate of 10% per annum from October 31, 2005. Decree of foreclosure for the plaintiff on property located at 13605 Shaker Boulevard, Unit 2B, Cleveland, Ohio. Summary judgment for the plaintiff entered at Civil Journal Vol. 3816, Page 0853. Pursuant to Civ.R. 54(B) the court finds there is no just reason for delay."
 {¶ 12} The matter is now before us for review. Henes has raised two assignments of error for our review that provide the following:
 {¶ 13} "1. The court erred because the amount that the court found to be due *Page 6 
to the association is not supported by the association's evidence."
 {¶ 14} "2. The court erred because the interest that the court found to be due to the association is not supported by the association's evidence."
 {¶ 15} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga Cty. Community College, 150 Ohio App.3d 169,2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood Police Dept,99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State ex rel. Duganitz v.Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191, 1996-Ohio-326.
 {¶ 16} Henes argues that the amount of the lien, $17, 065.73 plus interest at 10% per annum from October 31, 2005, is not supported by the evidence. Henes states that the statement of account that was submitted by Moreland Courts reflects a total of $7,682.93 due as of October 2005. As such, Henes claims there is a clear discrepancy between the amount stated in the lien and the amount revealed in Moreland Courts' statement of account. Henes further argues that this discrepancy creates a genuine issue of material fact as to the lien amount. Henes also claims that no corroborating evidence was submitted to establish that Moreland Courts was *Page 7 
entitled to the interest it requested.
 {¶ 17} Moreland Courts asserts that its motion for summary judgment was supported by a sworn affidavit and statement of account. It argues that Henes failed to submit any evidentiary materials to establish that a genuine issue of fact remains in dispute.
 {¶ 18} Our review reflects that there was in fact a discrepancy as to the amount reflected on the lien and the amount shown due on the account as of October 2005. However, in support of its motion for summary judgment, Moreland Courts submitted a sworn affidavit verifying the balance owing on the account as of September 1, 2006 in the amount of $24,842.91. The statement of account detailed the monthly amounts owed from May 1, 2005 through September 1, 2006, together with the outstanding balance. The affidavit provided by Moreland Courts provided that the account was correct and accurate and also indicated that interest was owed thereon at a rate of 10 percent per annum. The amount showed to be owing exceeded the amount of the lien and reflected the current amount due.
 {¶ 19} Henes, as the nonmoving party, was required to set forth specific facts by the means listed in Civ.R. 56(C), showing a genuine issue of material fact existed. Dresher v. Burt, 75 Ohio St.3d 280,1996-Ohio-107. In response to the motion for summary judgment, Henes failed to attach any evidence of payment, whether through processed checks or bank account records. In fact, Henes did not submit any evidence to contradict the affidavit and statement of account submitted by *Page 8 
Moreland Courts; also, Henes did not dispute that he was in default on the account. Further, no evidence was provided to establish that the property was not subject to foreclosure.
 {¶ 20} The record reflects that there was no genuine issue of material fact that a deficiency was owed with interest thereon at the rate of 10 percent per annum. The evidence before the court established that the amount of the deficiency exceeded the lien. Thus, we find no error in granting summary judgment. Accordingly, we find that the trial court properly ordered foreclosure on Henes's property and ordered the proceeds to be paid on the existing lien held by Moreland Courts.
 {¶ 21} Henes's assigned errors are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and MARY J. BOYLE, J., CONCUR *Page 1