**SHAKERWAR REALTY, L.L.C., Appellant,**

v.

**INSTYLE II, L.L.C. et al., Appellees.**

[Cite as *Shakerwar Realty, L.L.C. v. Instyle II, L.L.C.*, 177 Ohio App.3d 259, 2008-Ohio-3684.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 90600.

Decided July 24, 2008.

James E. Boulas Co., L.P.A., James E. Boulas, and Jim Petropouleas, for appellant.

Powers Friedman, P.L.L., Robert G. Friedman, and James J. Costello, for appellees.

Kirk Stewart, for appellee Susan Telecky.

---

SEAN C. GALLAGHER, Judge.

{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel. Plaintiff-appellant, Shakerwar Realty, L.L.C. ("Shakerwar"), appeals the decision of the Cuyahoga County Court of Common Pleas that granted the joint motion for summary judgment of defendants-appellees, Instyle II, L.L.C., Gloria Di Franco, and Susan A. Telecky (collectively, "appellees"). For the reasons stated herein, we reverse and remand.

{¶ 2} Shakerwar filed a complaint on December 29, 2005, alleging that appellees were in breach of a lease agreement with respect to property located at 3239 Warrensville Center Road in Shaker Heights, Ohio. Pursuant to the lease agreement, the lease was for a three-year term, from August 1, 2002, to July 31, 2005, and required $1,000 per month in rent. Appellees were the named tenants under the lease, and the lease was personally guaranteed by Di Franco and Telecky. The initial landlord was Keybank National Association; however, the lease was assumed by Shakerwar in May 2003. Shakerwar alleged in its complaint that appellees failed to pay rent and associated charges for the months of July 2003 through April 2005. The complaint included claims for breach of contract and unjust enrichment.

{¶ 3} After appellees filed a joint motion for summary judgment and response briefing was filed, the trial court issued an order referring the case to arbitration. The report and award of the arbitrators found in favor of appellees. Shakerwar filed an appeal de novo with the trial court. Thereafter, the trial court granted the joint motion for summary judgment.

{¶ 4} Shakerwar filed this appeal, raising one assignment of error for our review, which provides as follows: "The trial court abused its discretion and committed prejudicial error in granting defendants-appellees' joint motion for summary judgment."

{¶ 5} A case decided upon summary judgment is reviewed de novo, governed by the standard set forth in Civ.R. 56. *Comer v. Risko,* 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712. Such a judgment is reviewed independently and without deference to the trial court's determination. *Brown v. Cty. Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153. Summary judgment is proper when the moving party establishes that "(1) no genuine issue as to any

material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Dussell v. Lakewood Police Dept.,* 99 Ohio St.3d 299, 2003-Ohio-3652, 791 N.E.2d 456, ¶ 6; Civ.R. 56.

{¶ 6} A review of the evidence in this matter establishes that a genuine issue of material fact remains in dispute: whether appellees paid rent for the months of July 2003 through April 2005 pursuant to the lease agreement.

{¶ 7} In support of their joint motion for summary judgment, appellees claimed that Jose Lisboa, one of Shakerwar's managing members, approached Di Franco in December 2003 about making a lump-sum cash payment for 15 to 16 months of rent. Appellees asserted that the same offer was made to another tenant, Larry Fox, then owner of A.J. Heil Florist. Both Di Franco and Fox filed affidavits to this effect. Di Franco stated that she paid Jose Lisboa $11,000 in cash to cover a 16-month period, and Fox stated that he paid Jose Lisboa $10,000 in cash to cover a 15- to 16-month period. Both Di Franco and Fox stated that Jose Lisboa told them "not to worry about a receipt" and that his bookkeeper would take care of it. Both also stated that they resumed making rent payments in the spring of 2005. During the 15- to 16-month period for which rent had purportedly been paid, no action was taken with respect to past-due rent.

{¶ 8} In opposing summary judgment, Shakerwar argued that no documented proof of the payments was provided. From the record before us, it does appear that other than the self-serving affidavits, no evidence was provided to show that the cash payments were made. No affidavit was provided from Jose Lisboa, and no bank-account statements or bookkeeping records were provided to evidence the cash payments. Shakerwar submitted an affidavit of Kim Lisboa, who was also a managing member of Shakerwar. It appears that at some time during the course of the lease agreement, Jose Lisboa and Kim Lisboa were engaged in divorce proceedings.

{¶ 9} Kim Lisboa stated in her affidavit that appellees failed to fully pay rent for the months of July 2003 through April 2005 and failed to make any rental payments from December 2003 through March 2005. Kim Lisboa stated that appellees and Fox (d.b.a. A.J. Heil Florist) were the only two tenants of the premises that did not make timely rental payments. She further asserted that Fox made rental payments from December 2003 through May 2004, which was during the 15- to 16-month period for which he purportedly had made the lump-sum payment.

{¶ 10} The record before us clearly exhibits credibility issues. As the Ohio Supreme Court has recognized: "Credibility issues typically arise in summary judgment proceedings when one litigant's statement conflicts with another litigant's statement over a fact to be proved. Since resolution of the factual dispute will depend, at least in part, upon the credibility of the parties or their witnesses, summary judgment in such a case is inappropriate." *Turner v. Turner* (1993), 67 Ohio St.3d 337, 341, 617 N.E.2d 1123.

{¶ 11} We find that a genuine issue of material fact remains in dispute concerning whether appellees had paid rent. Accordingly, we conclude that the trial court erred in granting summary judgment. Shakerwar's sole assignment of error is sustained.

{¶ 12} The judgment is reversed, and the cause is remanded to the lower court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.