OPINION
Plaintiffs-appellants, Monty Parrett and Tyler Parrett, appeal a Clermont County Court of Common Pleas decision granting summary judgment in favor of defendants-appellees, Richard Krummen and the city of Cincinnati. Finding that no issue of material fact exists, and that the city of Cincinnati and Richard Krummen are entitled to judgment as a matter of law, we affirm the decision of the trial court.
On October 26, 1997, Richard Krummen ("Krummen"), a police officer employed by the city of Cincinnati, participated in a "Law Enforcement Expo" at Eastgate Mall, in Clermont County. Ralph Trost ("Ralph"), a police officer employed by the University of Cincinnati Police Department, also participated in the event. As part of the expo, each officer displayed a motorcycle belonging to his respective department.
Ralph requested that his brother, Terry Trost ("Trost"), transport the University's motorcycle back to campus. Due to inclement weather, Krummen requested that Ralph ask Trost to also transport the city of Cincinnati motorcycle. Trost agreed to his brother's requests. He attached a borrowed trailer to his truck in order to transport the motorcycles. As he was travelling on Cincinnati-Batavia Pike in Union Township, on his way to pick up the motorcycles, he crossed the center line and struck appellant Monty Parrett's auto head-on. Monty Parrett suffered numerous injuries as a result of the collision.
Appellants filed suit on March 31, 1999, seeking compensation for injuries which occurred as a result of the accident. In their second amended complaint filed August 31, 1999, appellants named Ralph Trost, Terry Trost, Richard Krummen, and the city of Cincinnati as defendants. Krummen and the city of Cincinnati moved for summary judgment, asserting immunity under R.C. 2744.02
and 2744.03.
In a decision filed November 20, 1999, the trial court awarded summary judgment in favor of Krummen and the city of Cincinnati. The trial court found that, as matter of law, Trost was not an employee of the city of Cincinnati, and accordingly, that the city of Cincinnati was immune from suit for Trost's negligence. The trial court also found that Krummen and the city of Cincinnati, pursuant to R.C. 2744.02, were entitled to immunity from appellants' negligence claims. Appellants appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT [SIC] BY GRANTING DEFENDANT'S [SIC] MOTION FOR SUMMARY JUDGMENT WHERE GENUINE ISSUES OF FACT REMAINED TO BE DECIDED.
An appellate court must conduct a de novo review of the trial court's grant of summary judgment. Jones v. Shelly Co. (1995),106 Ohio App.3d 440, 445. Pursuant to Civ.R. 56(C), summary judgment is appropriate only when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing all evidence in favor of the nonmoving party, reasonable minds could reach only a conclusion in favor of the moving party. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66.
Appellants first contend that Trost was an employee of the city of Cincinnati at the time of the accident, and that the city of Cincinnati is therefore responsible for Trost's negligent operation of a motor vehicle. In support of this, appellants citeBobik v. Indus. Comm. (1946), 146 Ohio St. 187, for the proposition that, under the doctrine of respondeat superior, an employer is responsible for the negligent conduct of an employee acting within the scope of his employment.
Appellants fail to recognize that the Ohio Legislature has granted political subdivisions immunity from tort claims. R.C.2744.02. Political subdivisions are specifically shielded from civil liability "for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C.2744.02(A)(1). Although R.C. 2744.02(B) sets forth five specific exceptions to this general grant of immunity, liability underrespondeat superior is not an exception as appellants suggest.Hazley v. Akron (July 22, 1998), Summit App. No. CA187756, unreported, at 4.
However, R.C. 2744.02(B)(1) does provide an exception "for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by [a political subdivision's] employees upon the public roads when the employees are engaged within the scope of their employment and authority." The issue, then, is whether Trost was an employee of the city of Cincinnati, acting within the scope of his employment, at the time of the accident.
R.C. 2744.01(B) defines an "employee" as "an officer, agent, employee, or servant, whether or not compensated or full-time or part-time, who is authorized to act and is acting within the scope of the officer's, agent's, employee's, or servant's employment for a political subdivision. `Employee' does not include an independent contractor * * *."
Whether an individual is an employee or an independent contractor is ordinarily a determination to be made by the trier of fact. Bostic v. Connor (1987), 37 Ohio St.3d 144, 146. However, where the evidence is not in conflict or the facts are admitted, the question of whether a person is an employee or an independent contractor is a matter of law to be determined by the court. Id. When making this determination, relevant factors to be considered include, but are not limited to, "such indicia as who controls the details and quality of the work; who controls the hours worked; who selects the materials, tools and personnel used; who selects the routes traveled; the length of employment; the type of business; the method of payment; and any pertinent agreements." Id.
In the case sub judice, the relevant facts are undisputed. In his admissions, Trost stated he was not an employee of the city of Cincinnati, as that term is defined by R.C. 2744.01(B), and that he was never officially hired by a city of Cincinnati representative. Rather, his brother, Ralph Trost, requested that he tow the motorcycle owned by the city of Cincinnati. No representative of the city of Cincinnati spoke directly to him in making this request.
The city of Cincinnati exercised no control over Trost's actions. Trost provided the vehicle and trailer to be used, and independently determined the route he would take to Eastgate Mall. Trost had never before performed this type of service for the city of Cincinnati, and there was no agreement that Trost would ever do so again.
Under these facts, we find that Trost, as a matter of law, was not an employee of the city of Cincinnati. Accordingly, the city of Cincinnati is immune from liability for the injuries Trost caused appellants.
Appellants also contend that the city of Cincinnati is liable for its negligence in failing to establish procedures for the transport of the motorcycle, and for Krummen's negligence in requesting Trost's assistance in transporting the motorcycle.
As stated above, a political subdivision is generally not liable in a civil action for injury caused by an act or omission of the political subdivision, or of an employee in connection with a governmental or proprietary function. R.C. 2744.02(A)(1). However, R.C. 2744.02(B) sets out five exceptions to this immunity. Subsections (B)(1) and (3)-(5) set forth exceptions based on specific circumstances which are inapplicable in the present case. Division (B)(2) is more general, and states that political subdivisions are liable for the negligent acts of employees in the performance of any proprietary function.
R.C. 2744.01(C)(2)(a) defines the "provision * * * of police * * * services" as a "governmental function," not a proprietary function. Therefore, under R.C. 2744.02(A)(1), the city of Cincinnati is not liable for negligence in the provision of police services, or the negligence of Krummen, a police officer, absent a specific exception to the general grant of immunity. As none of the other four exceptions set forth in R.C. 2744.02(B) are applicable in the present circumstance, there is no basis to hold the city of Cincinnati liable based on negligence.
Appellants also appeal the grant of summary judgment in favor of Krummen. However, appellants have failed to address the issue of Krummen's liability in their argument. Nevertheless, as this court conducts a de novo review of the trial court's decision to grant summary judgment, we will also consider whether Krummen is entitled to judgment as a matter of law.
R.C. 2744.02(A)(1) grants broad immunity from civil actions, not only to political subdivisions, but also to employees of political subdivisions, for acts or omissions related to a government function, subject to the exceptions contained in 2744.02(B). When requesting Ralph's aid in transporting the motorcycle, Krummen was acting within the scope of his employment as a police officer. Even if Krummen were found to be negligent, none of the five exceptions to the general grant of immunity can be construed to apply to Krummen's actions in the present case. Accordingly, we find that Krummen is also immune from liability.
Based upon the foregoing, we conclude that Krummen and the city of Cincinnati are immune from suit and therefore entitled to judgment as a matter of law. Appellants' assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.