JOURNAL ENTRY AND OPINION
{¶ 1} Appellants-plaintiffs, Robert Freeman and Jennifer Freeman (collectively "appellants") appeal the trial court's granting of summary judgment in favor of defendants-appellees, Ideal Merchandising and Mallard Group a.k.a Mallard Service Group, L.L.C. ("Mallard Group"). For the reasons set forth below, we affirm.
 {¶ 2} On June 24, 2002, appellants filed a complaint against appellees, among others, alleging Robert Freeman was injured on June 28, 2000 while working at Lowe's Home Centers, Inc. Jennifer Freeman asserted a loss of consortium claim. Appellants voluntarily dismissed their complaint on September 28, 2004.
 {¶ 3} On June 24, 2002, appellants refiled their complaint against Ideal Merchandising, Baldwin Hardware, Franklin Brass dba Masco Corporation ("Franklin Brass"), James Allen Hillin ("Hillin"), and Mallard Group. Again, the complaint alleged that on June 28, 2000, Robert Freeman was working for Lowe's Home Center when he was struck on the head with a melamine board. He had begun extracting fluorescent lights six feet below the area where Hillin and James Jackson ("Jackson") were installing the boards for a Baldwin Hardware plumbing reset. A "plumbing reset" occurs when resetters follow a plan to install a new display for items, in this instance, plumbing fixtures. Lowe's Home Center had contracted with Ideal Merchandising to have the reset installed. Ideal Merchandising contracted with Mallard Group to perform the task and Mallard Group hired Hillin and Jackson to complete the reset. *Page 4 
 {¶ 4} All appellees timely answered the complaint. Additionally, numerous cross-claims were also presented. Ideal Merchandising and Baldwin Hardware filed a cross-claim against Hillin and Mallard Group. Franklin Brass also filed a cross-claim against Hillin and Mallard Group. Hillin and Mallard Group filed cross-claims against Ideal Merchandising, Baldwin Hardware and Franklin Brass.
 {¶ 5} On May 23, 2005 and June 27, 2005, appellants dismissed their actions against Franklin Brass and Baldwin Hardware, respectively. In response, Franklin Brass, Mallard Group, and Hillin mutually dismissed all their cross-claims. Consequently, appellants only maintained claims against Hillin, Ideal Merchandising and Mallard Group.
 {¶ 6} On July 15, 2005, Ideal Merchandising filed a motion for summary judgment. Soon thereafter, Mallard Group and Hillin filed a motion for summary judgment as well. On May 30, 2006, the trial court granted Ideal Merchandising's motion for summary judgment. Additionally, the motion for summary judgment of Mallard Group and Hillin was denied in part and granted in part. The court determined that Ideal Merchandising and Mallard Group were not liable because Hillin and Jackson were operating as independent contractors when the alleged incident occurred. Accordingly, the trial court determined appellants' claims remained solely against James Hillin.
 {¶ 7} On March 23, 2007, appellants dismissed their claims against Hillin and timely appealed the trial court's grant of summary judgment on behalf of Ideal *Page 5 
Merchandising and Mallard Group. In their appeal, appellants present one assignment of error for our review. Appellants' sole assignment of error states:
 {¶ 8} "The trial court erred in granting the Motion for Summary Judgment of Ideal Merchandising finding that James Allen Hillin and James Jackson were independent contractors and not agents or employees of Ideal Merchandising and thus not liable for the claims of Appellant."
 {¶ 9} With regard to the entry of summary judgment, we note that we employ a de novo review in determining whether summary judgment was properly granted. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241; Zemcik v. La Pine Truck Sales Equip.Co. (1997), 124 Ohio App.3d 581, 585, 706 N.E.2d 860.
 {¶ 10} Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." Civ.R. 56(C); State ex rel. Dussell v. Lakewood PoliceDept, 99 Ohio St.3d 299, 300-01, 2003-Ohio-3652, 791 N.E.2d 45, citingState ex rel. Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190,191, 1996-Ohio-326, 672 N.E.2d 654. *Page 6 
 {¶ 11} The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Zivich v. Mentor SoccerClub, 82 Ohio St.3d 367, 369-70, 1998-Ohio-389, 696 N.E.2d 201. Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385,1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-59,1992-Ohio-95, 604 N.E.2d 138.
 {¶ 12} Applying these principles, we hold that the trial court correctly determined that Ideal Merchandising and Mallard Group are entitled to judgment as a matter of law because Hillin and Jackson are independent contractors and not employees of Mallard Group or Ideal Merchandising.
 {¶ 13} Generally, an employer is not liable for the negligent acts of an independent contractor. Strayer v. Lindeman (1981), 68 Ohio St.2d 32,34, 427 N.E.2d 781, citing 3 Ohio Jurisprudence 3d 332, Agency, Section 216. Whether an employed is an independent contractor or an employee depends of the facts of the case, and thus, is generally a question for the trier of fact. Kurtz v. Harcourt Brace Jovanovich, Inc. (1990),69 Ohio App.3d 267, 270, 590 N.E.2d 772. However, "where the evidence is not in conflict or the facts are admitted, the question of *Page 7 
whether a person is an employee or an independent contractor is a matter of law to be decided by the court." Id.
 {¶ 14} The well-settled test used to determine whether an employed person is an independent contractor or an employee is as follows:
 {¶ 15} "The principal test applied to determine the character of the arrangement is that if the employer reserves the right to control the manner or means of doing the work, the relation created is that of master and servant, while if the manner or means of doing the work or job is left to one who is responsible to the employer only for the result, an independent contractor relationship is thereby created."Bobik v. Indus. Comm. (1946), 146 Ohio St. 187, 191, 64 N.E.2d 829, quoting Gillum v. Indus. Comm. (1943), 141 Ohio St. 373, 48 N.E.2d 234, paragraph two of the syllabus.
 {¶ 16} In analyzing whether a person is an independent contractor or an employee, the court should consider, but is not limited to, the following factors:
 {¶ 17} "(1) Whether the one employed is engaged in a distinct occupation or business; (2) whether the worker or the employer supplies the place and requisite instrumentalities; (3) whether the work is done by a specialist requiring a particular skill; (4) the method of payment whether by the time or by the job; (5) the length of time for which the person is employed; (6) whether the work is a part of the regular business of the employer; (7) whether the employer or the employed controls the detail and quality of the work; and (8) the terms of any pertinent agreements or *Page 8 
contracts between the parties." Lenart v. Doversberger (May 12, 1994), Cuyahoga App. Nos. 65372, 65373.
 {¶ 18} In the instant matter, it is apparent Hillin and Jackson are more accurately classified as independent contractors rather than employees of Mallard Group or Ideal Merchandising. First, we note that both Hillin and Jackson admitted they had an independent-contractor relationship with Mallard Group, who contracted with Ideal Merchandising for the Baldwin Hardware reset. Second, Hillin and Jackson supplied their own tools for the job and determined their own hours. Third, the men were paid by the job and not the time. In fact, the two men received 1099s at the end of the tax year, not W-2 forms. Silver v. Statz,166 Ohio App.3d 148, 153, 2006-Ohio-1727, 849 N.E.2d 320 (determining that the use of 1099 forms suggests an independent-contractor relationship). Furthermore, Hillin and Jackson were employed to complete one job. Accordingly, we hold that Hillin and Jackson were independent contractors rather than employees.
 {¶ 19} As previously stated, employers are generally not liable for the negligence of an independent contractor. Strayer, supra. There are, however, exceptions to the general rule. First, "[a]n employer may be held liable for injuries resulting from its own negligence in selecting or retaining an independent contractor. An employer may also be held vicariously liable for the negligence of an independent contractor performing certain `non-delegable duties' which are imposed by statute, contract, franchise or charter, or by the common law. An employer can *Page 9 
also be vicariously liable for the negligence of an independent contractor under the doctrine of agency of estoppel, which requires a showing of induced reliance by a third person upon an ostensible agency." Rodic v. Koba (Dec. 7, 2000), Cuyahoga App. No. 77599.
 {¶ 20} With regard to the first exception to employer liability for an independent contractor's negligence, appellants do not assert, nor do we find any evidence in the record to support the conclusions that Hillin and Jackson maintained tortious propensities that Mallard Group or Ideal Merchandising should have been aware of prior to retaining their services. Similarly, appellants do not maintain or direct this court to any indication in the record that a non-delegable duty existed in this situation. Accordingly, we do not find the first two exceptions to employer liability for the negligence of an independent contractor applicable in this case.
 {¶ 21} Finally, there was no agency by estoppel that appellant relied upon in this instance. "The doctrine of agency by estoppel, as it might be invoked by a plaintiff in a tort action, rests upon the theory that one has been led to rely upon the appearance of agency to his detriment. It is not applicable where there is no showing of induced reliance upon an ostensible agency." Johnson v. Wagner Provision Co. (1943),141 Ohio St. 584, 49 N.E.2d 925, paragraph four of the syllabus. Furthermore, the Supreme Court stated that agency by estoppel is generally employed "where credit has been extended, action has been induced, *Page 10 
delay has been obtained, or some other change in position has occurred, in reliance upon the appearance of authority." Id. at 591.
 {¶ 22} In the instant action, appellants maintain that the signature of Hillin and Jackson on the Completion Reports in the space provided for the Ideal Merchandiser created the agency relationship between Ideal Merchandising and Hillin and Jackson. Nothing in the record, however, indicates that appellant changed or altered his position based upon an alleged reliance upon an agency relationship between Ideal Merchandising and Hillin and Jackson. Freeman would have changed the fluorescent lights regardless of whether Hillin and Jackson were employees of Ideal Merchandising. Accordingly, we agree with the trial court and find that appellants have failed to establish an exception to the general rule that an employer is not liable for the negligence of an independent contractor. Therefore, because Hillin and Jackson were independent contractors and not employees of Ideal Merchandising or Mallard Group, the trial court appropriately granted summary judgment on behalf of Ideal Merchandising and Mallard Group. Appellants' sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 11 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MELODY J. STEWART, P.J., and MARY J. BOYLE, J., CONCUR. *Page 1