[Cite as *Marcus Roach Express, L.L.C. v. Dir., Ohio Dept. of Job & Family Serv.*, 2019-Ohio-5414.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| MARCUS ROACH EXPRESS, LLC, | : | **O P I N I O N** |
| Appellee, | : | |
| | : | **CASE NO. 2019-P-0054** |
| - vs - | : | |
| DIRECTOR, OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, | : | |
| | : | |
| Appellant. | : | |
| | : | |

Appeal from the Portage County Court of Common Pleas, Case No. 2018 CV 00543.

Judgment: Affirmed.

*Melissa R.V. Roubic,* 218 West Main Street, Suite 150, Ravenna, OH 44266 (For Appellee).

*Dave Yost,* Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215; and *Eric A. Baum,* Assistant Attorney General, One Government Center, Suite 1340, 640 Jackson Street, Toledo, OH 43604 (For Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, the Director of the Ohio Department of Job and Family Services (the "Director"), appeals the March 27, 2019 decision of the Portage County Court of Common Pleas reversing the decision of the Unemployment Compensation Review Commission ("the Review Commission"), which had affirmed the granting of

unemployment benefits for Robert Ferrebee in connection with his separation from his relationship with appellee, Marcus Roach Express LLC ("Marcus Roach").

{¶2} At issue is whether Mr. Ferrebee was an independent contractor for Marcus Roach, or an employee separated due to a lack of work, thus entitling him to unemployment compensation. The Unemployment Compensation Review Commission found that Mr. Ferrebee was an employee; the trial court reversed, finding he was an independent contractor.

{¶3} For the reasons set forth below, we affirm the decision of the Portage County Court of Common Pleas.

{¶4} In June 2017, the Ohio Department of Job and Family Services ("ODJFS") first issued a determination denying Mr. Ferrebee's application for benefits, then issued a corrected determination granting his application based on updated remuneration information. ODJFS affirmed the latter determination in a redetermination issued July 14, 2017.

{¶5} Marcus Roach appealed to the Review Commission, which held a telephone hearing. The hearing officer ultimately affirmed the ODJFS's redetermination on August 15, 2017. Marcus Roach requested a final Review from the Commission Review, which affirmed the decision on October 4, 2017.

{¶6} Marcus Roach then filed an R.C. 4141.282 administrative appeal in the Portage County Court of Common Pleas and asked the court for a new hearing. In February 2018, the trial court granted the request and remanded the matter. A second hearing was held in May 2018 and the new hearing officer ultimately affirmed the July 14, 2017 redetermination.

{¶7}    Marcus Roach again appealed to the trial court under R.C. 4141.282, arguing, as it had before, that (1) finding that Mr. Ferrebee was an employee, not an independent contractor, was not supported by substantial evidence; (2) Mr. Ferrebee's application was void because he submitted forged documents to ODJFS; and (3) even if Mr. Ferrebee were an employee, he was separated from work for just cause, thus warranting denial of his application.

{¶8}    In March 2019, the trial court found that Mr. Ferrebee was an independent contractor and reversed the Review Commission's final decision; it did not address Marcus Roach's fraud and just cause arguments.

{¶9}    The Director now appeals, assigning one error for our review:

{¶10}   The Review Commission twice determined that Mr. Ferrebee did not have the right to control how he performed his work. Those fact determinations are supported by some competent, credible evidence. Further, as a matter of law Marcus Roach cannot delegate its direction and control over Mr. Ferrebee to Cardinal. Accordingly, the trial court's judgment should be reversed both because it wrongly substituted its judgment for the review commission's and because its decision was unlawful.

{¶11}   R.C. 4141.282(H) sets forth a court's standard for reviewing the decision of the unemployment compensation review commission:

{¶12}   The court shall hear the appeal on the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission.

{¶13}   This standard of review applies both to the trial court and this court. *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Services*, 73 Ohio St.3d 694, 696 (1995). An appellate court reviewing such a case "is required to focus on the decision of the Review Commission, rather than that of the common pleas court * * *." *Williams*

3

*v. Ohio Unemp. Comp. Rev. Comm.*, 11th Dist. Trumbull No. 2010-T-0094, 2011-Ohio-2458, ¶27, citing *Barilla v. Ohio Dept. of Job & Family Servs.*, 9th Dist. Lorain No. 02CA008012, 2002-Ohio-5425, ¶6.

{¶14} This court has previously noted that "an unemployment compensation appeal probably provides the least opportunity for a reviewing court to weigh and assess evidence and credibility of witnesses of any R.C. Chapter 119 administrative proceeding." *Fredon Corp. v. Zelenak*, 124 Ohio App.3d 103, 108–109 (11th Dist.1997). An appellate court reviewing such cases is not permitted to make factual findings or to determine the credibility of witnesses. *Becka v. State Unemp. Comp. Rev. Com'n*, 11th Dist. Lake No. 2001-L-037, 2001 WL 446869 (Mar. 22, 2002), *3*, citing *Irvine v. Unemp. Comp. Bd. of Review*, 19 Ohio St.3d 15, 17-18 (1985) ("[T]he determination of purely factual questions in an unemployment compensation case, such as the credibility of witnesses and the weight to be given to conflicting evidence, is primarily within the province of the Board of Review.").

{¶15} Instead, our review, like the trial court's, is limited to a determination of whether the evidence in the record supported the Review Commission's decision. *Becka, supra*; *Tzangas, supra*, at 696. "'The fact that reasonable minds might reach different conclusions is not a basis for the reversal of the board's decision.'" *Id.* at 697, quoting *Irvine, supra,* at 18. We may reverse the Review Commission's decision only if it is unlawful, unreasonable or against the manifest weight of the evidence. *Tzangas, supra,* at paragraph one of the syllabus. Because we find the Review Commission's decision was unreasonable and against the manifest weight of the evidence, we affirm the trial court's decision reversing the board's decision.

4

{¶16} "Whether someone is an employee or an independent contractor is ordinarily an issue to be decided by the trier of fact." *Bostic v. Connor*, 37 Ohio St.3d 144, 145-146 (1988). However, "'where the evidence is not in conflict or the facts are admitted, the question of whether a person is an employee or an independent contractor is a matter of law to be decided by the court.'" *Harmon v. Schnurmacher*, 84 Ohio App.3d 207, 211 (11th Dist.1992), quoting *Bostic, supra*. Here, many facts are in contention and the evidence is in conflict. Thus, the determination of employee versus independent contractor is an issue of fact, and this court, as with the trial court before us, is required to give deference to the Review Commission's determination that Mr. Ferrebee was an employee. However, "[t]hough deference is due the findings of an administrative body, an appellate court is not bound to accept improperly drawn inferences from the evidence." *Aaron v. Ohio Bur. of Emp. Serv.*, 130 Ohio App.3d 376, 381-382, (7th Dist.1998), citing *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108 (1980).

{¶17} In making its determination, the Review Commission analyzed the 20 factors outlined in Ohio Adm. Code 4141-3-05(B). "These factors set out in Ohio Adm.Code 4141-3-05(B) are to be used by the [commission], but they are not necessarily the factors utilized by courts in determining whether reasonable minds could find that a claimant was or was not subject to direction and control over the performance of his services. * * * The code is permissive and states that, '[d]irection or control may be evidenced by,' the factors." *Edan Farms, Inc. v. Toth*, 7th Dist. Mahoning No. 99-CA-185, 2000 WL 1809050 (Dec. 5, 2000), *3, quoting *Butts v. Obes*, 7th Dist. Columbiana No. 98 CO 7, 1999 WL 669522, *4. After a careful review of the evidence in the record, we find that the Review Commission's determination that Mr. Ferrebee

was an employee of Marcus Roach was unreasonable and against the manifest weight of the evidence.

{¶18} In 2009, Mr. Ferrebee approached Larry Roach, owner of Marcus Roach, a trucking company, and asked for a job driving a semitrailer; Mr. Roach agreed. Mr. Ferrebee signed Mr. Roach's standard agreement which clearly stated that Mr. Ferrebee was an independent contractor, and not an employee of Marcus Roach; according to the terms, Marcus Roach did not deduct employment-related taxes for Mr. Ferrebee and issued Mr. Ferrebee a Form 1099 each year. However, though this factor supports our finding, this factor alone is not determinative. "Contract language does not determine the relationship of the parties; rather, the objective nature of the relationship is determined by an analysis of the totality of the facts and circumstances of each case." *Silver v. Statz,* 166 Ohio App.3d 148, 2006-Ohio-1727, ¶14 (8th Dist.), citing *Bobik v. Indus. Comm.,* 146 Ohio St. 187, 191 (1946).

{¶19} The Ohio Supreme Court has held that "[t]he vital test, in determining whether a person employed to do certain work is an independent contractor or a mere servant, is the control over the work which is exercised by the employer. * * * The ultimate question is not whether the employer actually exercises such control, but whether he has the right to control." *Indus. Comm. v. Laird*, 126 Ohio St. 617, 619 (1933). *See also* R.C. 4141.01(B)(1); *Bostic v. Connor,* 37 Ohio St.3d 144, 146 (1988); *Gillum v. Indus. Com'n.,* 141 Ohio St. 373, 375 (1943); *Harmon, supra.*

{¶20} The Director cites certain facts as weighing in favor of finding Mr. Ferrebee to be an employee of Marcus Roach, including that Mr. Ferrebee stood neither to gain a profit nor to lose money for his services; Marcus Roach paid Mr. Ferrebee

6

weekly; approved his time-off requests; owned the delivery truck and paid for its repairs, maintenance, and insurance; reimbursed Mr. Ferrebee for travel-related expenses; continued a working relationship with Mr. Ferree for almost eight years; did not permit Mr. Ferrebee to use the truck for non-Marcus Roach business; required Mr. Ferrebee to turn over to it his log books; and provided certain tools for Mr. Ferrebee's use on the job.

{¶21} However, whether Mr. Ferrebee was permitted to use the truck for non-Marcus Roach business is in contention. Certainly nothing in the agreement between Marcus Roach and Mr. Ferrebee prohibited it. Additionally, being paid weekly and continuing a working relationship for numerous years, does not support either a finding that Mr. Ferrebee was an employee or an independent contractor, especially considering the nature of the trucking business. Moreover, Mr. Ferrebee was paid based on how many loads he accepted, not based on hours worked, and Marcus Roach did not mandate that Mr. Ferrebee work full time or certain hours.

{¶22} The fact that Marcus Roach approved time-off; required logs to be turned in; owned the truck and paid for its repairs, insurance, maintenance, as well as tools and travel-related expenses, except for fuel expense which were shared, is not alone indicative of an employer-employee relationship. Considering the totality of the circumstances, it is clear that Marcus Roach neither exercised nor retained a right to control Mr. Ferrebee's work.

{¶23} Mr. Ferrebee used the truck to drive for Marcus Roach's customer, Cardinal. Both Mr. Roach and Mr. Ferrebee attended meetings and signed paperwork with Cardinal, who had them both watch videos explaining how their products should be

moved. Cardinal contacted Mr. Ferrebee directly when they needed loads, which, though Mr. Ferrebee said he always called Mr. Roach to approve any declined loads, he could accept or reject. Marcus Roach was not involved with the direction of the deliveries. Cardinal required that Mr. Ferrebee had at least one other helper with him on deliveries. Mr. Ferrebee alone was responsible for hiring, managing, and paying his helpers out of his share of the proceeds; Marcus Roach was in no way involved with Mr. Ferrebee's helpers.

{¶24} After receiving complaints of late deliveries and foul language by Mr. Ferrebee's helpers, Cardinal banned Mr. Ferrebee's helpers from making deliveries. Cardinal informed both Mr. Roach and Mr. Ferrebee of this. Cardinal alternatively offered Mr. Ferrebee "line haul" routes, which did not require an additional helper.

{¶25} The termination of the relationship between Marcus Roach and Mr. Ferrebee is in contention. Mr. Roach testified that Mr. Ferrebee declined the line haul routes Cardinal offered him and instead left the truck at a truck stop and told Mr. Roach to pick it up. Contradictorily, Mr. Ferrebee testified that Mr. Roach told him the line haul routes were unprofitable, that Marcus Roach was taking the truck out of commission, and to leave the truck at the truck stop, the effect of which was that Mr. Ferrebee did not have a truck to use and work ceased. The Review Commission believed Mr. Ferrebee's testimony.

{¶26} The trial court stated that "[a]t no time did Appellant [Marcus Roach] state that Appellee-Ferrebee was terminated," while Mr. Ferrebee argued that Mr. Roach's actions terminated their contract. The Review Commission agreed with Mr. Ferrebee and weighed this as a supporting factor in determining that Mr. Ferrebee was an

8

employee of Marcus Roach and was separated due to a lack of work. However, regardless of which party terminated the relationship, pursuant to the independent contractor agreement, either party could terminate the relationship at any time.

{¶27} In light of the foregoing, it is clear from the record that Marcus Roach did not exercise nor retain the right to control Mr. Ferrebee's work. Accordingly, the Review Commission decision was unreasonable and against the manifest weight of the evidence. The Director's sole assignment of error is not well taken.

{¶28} The decision of the Portage County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, J.,

MARY JANE TRAPP, J.,

concur.