[Cite as *Coleman v. Big Truck Rehab Center, Inc.*, 2024-Ohio-957.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| ERIK COLEMAN, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 112964 |
| v. | : | |
| BIG TRUCK REHAB CENTER, INC., ET AL., | : | |
| Defendants-Appellees. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 14, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-959255

*Appearances:*

Argie, D' Amico & Vitantonio, George J. Argie, and Dominic J. Vitantonio, *for appellant.*

Dworken & Bernstein Co., L.P.A., and Richard N. Selby, II, *for appellees.*

EMANUELLA D. GROVES, J.:

{¶ 1} Plaintiff-appellant Erik Coleman ("Appellant") appeals the trial court's decision that he was an independent contractor as opposed to an employee

of defendants-appellees Big Truck Rehab Center, Inc., Big Truck Cleanups & Details LLC, and Craig A. Long ("Appellees"). For the reasons that follow, we affirm.

**Facts and Procedural History**

{¶ 2} On February 7, 2022, Appellant filed a complaint against Appellees claiming he was entitled to unpaid overtime compensation pursuant to the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 et seq. ("Federal FLSA"), the Ohio Minimum Wage Standards Act ("OMWSA"), R.C. 4111.01 et seq. and U.S. Constitution Article II, Section 34 and to recover wages under R.C. 4113.15. The Appellees denied the claims and alleged the Appellant was an independent contractor.

{¶ 3} On March 22, 2023, a bench trial was held. The Appellant, his wife and father, Appellee Craig Long, and three employees of Appellees testified. The trial court found the following facts based upon the testimony and evidence presented:

> Appellee Craig Long, is the sole owner of both Appellees, Big Truck Rehab Center, Inc. and Big Truck Cleanups & Details LLC.
>
> These companies provide detailing services of cleaning, washing and buffing trucks.
>
> The Appellant and Appellee Craig Long, executed an independent contractor agreement in August 2014.
>
> The Appellant performed detailing services under the agreement until May 2021. Appellant also worked for numerous other businesses.
>
> All the businesses provided Appellant a 1099 tax form rather than a W-2. For the years 2015 through 2021, Appellees provided Appellant a 1099 tax form.

Additionally, Appellant was the sole proprietor of EC Detailing, per the tax records presented at trial. EC Detailing had a separate employer Tax ID Number and took deductions for expenses including supplies, materials and depreciation.

{¶ 4} The trial court found in favor of the Appellees. Appellant appeals and raises one assignment of error.

## Assignment of Error

The trial court erred in finding that Appellant Erik Coleman, was an independent contractor, as opposed to an employee.

## Standard of Review

{¶ 5} We apply a manifest weight standard in reviewing a civil appeal from a bench trial. *Revilo Tyluka, LLC v. Simon Roofing & Sheet Metal Corp.,* 193 Ohio App.3d 535, 2011-Ohio-1922, 952 N.E.2d 1181, ¶ 5 (8th Dist.), citing *Seasons Coal v. Cleveland,* 10 Ohio St.3d 77, 461 N.E. 2d 1273 (1984), and App.R. 12(C).

## Law and Analysis

{¶ 6} The sole issue before this court is the employment relationship between the Appellant and Appellees. The determination of the relationship affects the Appellees' obligations to the Appellant. Appellant alleges Appellees are obligated to pay him overtime pursuant to the Federal FLSA, 29 U.S.C. 201 et seq., the OMWSA, R.C. 4111.01 et seq., U.S. Constitution Article II, Section 34, and wages under R.C. 4113.15.

{¶ 7} The OMWSA requires an employer to pay overtime to employees of a certain type. *Porter v. AJ Auto Grp.,* 8th Dist. Cuyahoga No. 102448, 2015-Ohio-3769. "Except as provided in section 4111.031 of the Revised Code, an employer

shall pay an employee overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and, section 13 of the 'Federal Fair Labor Standards Act of 1938,' 52 Stat.1060, 29 U.S.C.A., 213, as amended." R.C. 4111.03(A). An employee is any person employed by an employer, with certain employees exempted. R.C. 4111.03(D)(3).

{¶ 8} However, persons claiming employee status must prove they are employees. *Wade-Hairston v. Franklin Cty. Bd. of Mental Retardation & Developmental Disabilities,* 10th Dist. Franklin No. 98AP-456, 1998 Ohio App. LEXIS 6223, 9 (Dec. 17, 1998), citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed.1515 (1946).

{¶ 9} The right to control the manner or means of performing the work is the chief test in determining whether one is an employee or an independent contractor. *State ex rel. Nese v. State Teachers Retirement Bd. of Ohio,* 136 Ohio St.3d 103, 2013-Ohio-1777, 991 N.E.2d 218 ¶ 33, citing*, Bobik v. Indus. Comm.*, 146 Ohio St. 187, 64 N.E.2d 829 (1946), paragraph one of the syllabus. *See also Foran v. Fisher Foods, Inc.*, 17 Ohio St.3d 193, 478 N.E.2d 998 (1985). As a practical matter, even with independent contractors, the employer must reserve a certain degree of control to ensure work is completed in compliance of specifications. *Id.* ¶ 34, citing *Gillum v. Indus. Comm.*, 141 Ohio St. 373, 48 N.E.2d 234 (1943). In Ohio, the test to consider in making this determination is set forth in *Bostic v. Connor,* 37 Ohio St.3d 144, 524 N.E.2d 881 (1988). This test includes but is not

limited to the consideration of these factors: who sets the hours worked; who selects the tools, materials, routes traveled and human resources; length of employment; how person is paid; type of operations; and any terms and conditions or contracts. *State ex rel. Nese* at ¶ 35, citing *Bostic* at 146, 524 N.E.2d 881.

{¶ 10} The trial court and parties reference application of the economic reality test in making the decision whether the employment relationship is employee or independent contractor. However, this test is from the United States Sixth Circuit. *Wade-Hairston* at 10. Notably, Ohio has adopted its own test as set forth in *Bostic*. *Id.* *See Gradijan v. Bay,* 5th Dist. Stark No. 2010CA00177, 2011-Ohio-1032, ¶ 25-27. Although *Bostic* is a workers' compensation case, both *Wade-Hairston,* from the Tenth District, and *Gradijan,* from the Fifth District, which are overtime and prompt payment cases, respectively, adopted the *Bostic* test. Now, this court too adopts the *Bostic* test, as opposed to the economic reality test in determining the employment relationship for claims of overtime and prompt payment. This court has applied *Bostic* in other employment relationships dealing with other situations, but not overtime nor prompt payment. *See Silver v. Statz*, 166 Ohio App.3d 148, 2006-Ohio-1727, 849 N.E.2d 320, ¶ 15 (8th Dist.).

{¶ 11} Given the facts of this case, utilization of the *Bostic* test does not change the trial court's determination that Appellant is an independent contractor. Generally, the determination of whether someone is an employee as opposed to an independent contractor is decided by the trier of fact when the claimant offers some

evidence that he is an employee. *Bostic* at 144-147. This determination is made on a case-by-case basis. *Id.* at 146.

{¶ 12} Here, the trial court set forth the facts it considered in finding the Appellant an independent contractor. Moreover, we generally presume the trial court's decision is correct. *Seasons Coal* at 80. This presumption is made because the trier of fact had the opportunity to determine the credibility of the witnesses. *Id.* A verdict must not be reversed as being against the manifest weight of the evidence when it is supported by some competent, credible evidence going to all the essential elements of the case. *Revilo Tyluka, LLC*, 193 Ohio App.3d 535, ¶ 5, citing *Seasons Coal*, 10 Ohio St.3d 77.

{¶ 13} "Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial to support one side of the issue rather than the other. It indicates clearly to the trier of fact that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'" *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), quoting *Black's Law Dictionary* 1594 (6th Ed. 1990).

{¶ 14} Here, the trial court determined that the Appellant was in control of his work as an independent contractor. It found that Appellant and Appellees executed an independent contractor agreement. Appellant had been conducting his

own detailing business, EC Detailing, from 2015-2021. The business had its own employer ID number and made deductions for expenses including supplies, materials, and depreciation. Appellant conducted business with numerous other businesses, all of which provided 1099 tax forms instead of W-2s. Additionally, as appellee Craig Long testified, a customer would describe the work it wanted completed and he would give the customer order to the Appellant; he did not tell Appellant how to go about doing the work, although he would inspect the work to ensure it was up to par; Appellant determined how much he should be paid and in turn he paid his workers; and he did not control Appellant's workhours.

{¶ 15} Application of the *Bostic* test in this case supports the trial court's finding that Appellant was an independent contractor. Thereby, Appellant failed to meet his burden that he was an employee.

{¶ 16} Accordingly, we overrule the Appellant's assignment of error.

{¶ 17} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

LISA B. FORBES, P.J., and
SEAN C. GALLAGHER, J., CONCUR